```
                UNITED STATES DISTRICT COURT
                 SOUTHERN DISTRICT OF OHIO
                     WESTERN DIVISION
```

|  |  |  |
|---|---|---|
| STEVEN E. WARSHAK, et al., | : | |
| | : | NO. 1:06-CV-00357 |
| Plaintiffs, | : | |
| | : | |
| v. | : | **OPINION AND ORDER** |
| | : | |
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Defendant. | : | |

This matter is before the Court on the status conference of February 28, 2007.

**I. Background**

This civil case involves the allegations of Plaintiffs Steven Warshak and Charles Clark, and Intervening Plaintiffs Harriet Warshak and Paul Kellogg, that Defendant United States violated their Fourth Amendment rights when it seized their stored electronic email communication in the possession of internet service providers.  Plaintiffs seek declaratory judgment and injunctive relief against Defendant under the theories that Defendant's actions under 18 U.S.C. § 2703(d), the Stored Communications Act ("SCA"), violated both the Constitution and the SCA.  Plaintiff further allege that the SCA itself is unconstitutional (doc. 33).

All of the Plaintiffs in this case are criminal Defendants in Case No. 1:06-CR-00111, United States of America v.

<u>Steven Warshak, et al.</u>, which is currently pending before this Court. The criminal matter involves a 112-Count Indictment charging Defendants with various counts of Conspiracy to Commit Bank Fraud, Mail Fraud, False Statement to Bank, Bank Fraud, Money Laundering, Misbranding, Conspiracy to Obstruct Proceedings Before the U.S. Food and Drug Administration, and Conspiracy to Obstruct Proceedings before the U.S. Federal Trade Commission.

The Plaintiffs in this case also play differing roles in the various related civil cases pending before the Court, which the Court stayed by Order of December 27, 2007, pending the disposition of the criminal matter (doc. 213, Case No. 1:05-CV-196). Specifically, Steven Warshak is also the Claimant in two civil forfeiture cases, Case Nos. 1:06-CV-00185, and 1:05-CV-00196; the Plaintiff in a civil matter seeking injunctive relief, Case No. 1:06-CV-00234, and a Defendant in the civil matter, <u>Federal Trade Commission v. Warshak, et. al</u>, No. 1:06-CV-00051. Intervening Plaintiff Harriet Warshak is similarly a Claimant in both forfeiture cases, and a Defendant in the FTC case, No. 1:06-CV-00051. Intervening Plaintiff Paul Kellogg is a Claimant in Case No. 1:05-CV-00196, a Plaintiff in Case No. 1:06-CV-00234, and a Defendant in his capacity as trustee in No. 1:06-CV-0051.

**II. The February 28, 2007 Status Conference**

At the February 28, 2007 status conference the parties offered their respective positions concerning the motions pending

2

before this Court in this matter.

Counsel for Ronald Fricke requested the Court grant his client's Motion to Intervene in this case (doc. 72). A similar motion is pending on behalf of Bonnie Luther (doc. 76). Electronic mail of both Mr. Fricke and Ms. Luther, both employees of Berkeley Premium Nutraceuticals, Inc., was targeted by the government in its investigation of email traffic at the company. Movants seek to intervene as Plaintiffs, arguing the interests they have in protecting their personal communications will likely not be protected by the Plaintiffs in this matter. At the conference the United States argued the Court should deny intervention to Movants Fricke and Luther because their arguments would be redundant to those of the Plaintiffs already in the case. Counsel for Movant Fricke argued that even if the arguments are the same, the interests of his client are different than those of the present Plaintiffs, all of whom are charged in the criminal matter. The Court notes that the application of Fed. R. Civ. P. 24 is to be broadly construed in the favor of the intervenor. Purnell v. Akron, 925 F.2d 941, 950 (6th Cir. 1991). Discovery has not yet begun in this matter, and so it is difficult for the Court to accept the government's position that Movants' applications to intervene are untimely. The Movants' allegations present identical questions of law to those presented by the Plaintiffs already in the case. The government concedes it would not be prejudiced by

3

the proposed intervention (doc. 80).  Under these circumstances, the Court finds the motions to intervene well-taken, and the Movants may appropriately be joined to this action pursuant to the permissive intervention provisions of Fed. R. Civ. P. 24(b).

The United States suggested at the conference that the Court could exercise its jurisdiction to consider the pending motion to dismiss.  In the Court's view, however, the arguments presented by the government in its motion to dismiss (doc. 43) certainly overlap with those the Sixth Circuit shall consider in oral argument on April 18, 2007, concerning the interlocutory appeal of the temporary restraining order issued in this matter.  Therefore, whether or not the Court has jurisdiction over the motion to dismiss, the Court finds that the interests of judicial economy weigh against the consideration of such motion at this time.

Also at the conference, Counsel for the parties argued extensively concerning discovery matters in this and the related civil cases, which as noted above, the Court stayed by Order of December 27, 2007.  The Court expressed that it will not allow discovery in any of the civil cases that will affect the pending criminal case, No. 1:06-CR-00111.  The Court is of the opinion that the same principles underlying its stay of the civil forfeiture cases and related civil matters may very well apply to this matter.  Moreover, the fact militates in favor of a stay that the Sixth

4

Circuit shall soon weigh in on issues relating to the constitutionality of 18 U.S.C. § 2703(d).

### III. Conclusion

In accordance with the reasoning articulated herein, the Court GRANTS Bonnie Luther's Amended Motion for Leave to Intervene (doc. 76), GRANTS the Motion of Ronald T. Fricke to Intervene (doc. 72), JOINS Bonnie Luther and Ronald T. Fricke as Plaintiffs, and STAYS this matter until further Order.

SO ORDERED.

Dated: March 1, 2007          s/S. Arthur Spiegel
                              S. Arthur Spiegel
                              United States Senior District Judge